UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| CARL D. EDWARDS, | Case No. 3:17-cv-00147-RCJ-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| MESHELL LEAVITT et al., | |
| Defendants. | |

I. **DISCUSSION**

On June 28, 2018, this Court issued a screening order granting Plaintiff 30 days to file an amended complaint to cure the deficiencies of his prison conditions claim. (ECF No. 3 at 7). The Court warned Plaintiff that, if he failed to file an amended complaint, the Court would dismiss the case with prejudice for failure to state a claim. (*Id.*)

On July 27, 2018, Plaintiff filed a response to the screening order. (ECF No. 5). In the response, Plaintiff seems to be asking the Court to reconsider its screening order. (*Id.*) As such, the Court construes the response as a motion for reconsideration.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist.*

*No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies the motion for reconsideration. The Court has reviewed the complaint, screening order, and motion for reconsideration and finds that it did not commit clear error in its initial decision, that there is no newly discovered evidence, and that there is no intervening change in controlling law. As such, Plaintiff has 30 days from the date of this order to file his amended complaint or the Court will dismiss this action with prejudice for failure to state a claim.

## II. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's "response" (ECF No. 5) is construed as a motion for reconsideration.

It is further ordered that the motion for reconsideration is denied (ECF No. 5).

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in the screening order (ECF No. 3), Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of his complaint (ECF No. 4), and a copy of the screening order (ECF No. 3). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

///
///
///
///
///
///

It is further ordered that, if Plaintiff fails to timely file an amended complaint curing the deficiencies outlined in the screening order, this action shall be dismissed with prejudice for failure to state a claim.

DATED THIS 7th day of August 2018.

_____
UNITED STATES DISTRICT JUDGE