UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARL D. EDWARDS,<br><br>                    Plaintiff<br><br>       v.<br><br>MESHELL LEAVITT et al.,<br><br>                    Defendants | Case No. 3:17-cv-00147-RCJ-CLB<br><br>ORDER |

**I.    DISCUSSION**

On February 6, 2020, the Court dismissed this action with prejudice based on Plaintiff's failure to file a second amended complaint in compliance with this Court's December 20, 2019, order and for failure to state a claim. (ECF No. 13 at 2). The Clerk of the Court entered judgment the same day. (ECF No. 14). On February 24, 2020, Plaintiff filed a motion for reconsideration. (ECF No. 15). On July 8, 2020, Plaintiff filed a motion for appointment of counsel and a motion to reschedule his habeas corpus hearing. (ECF Nos. 16, 17).

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

In the motion for reconsideration, Plaintiff states that he mailed his second amended complaint from Ely State Prison ("ESP") on December 15, 2019. (ECF No. 15

at 1). Upon review of the docket, the Court acknowledges that Plaintiff submitted a document entitled "motion for further declaratory relief on issue of credit for actual time-served from 05-24-2011" on January 2, 2020. (ECF No. 12). To the extent that this is Plaintiff's second amended complaint, the Court denies the motion for reconsideration because Plaintiff still fails to state a claim.

The "second amended complaint" argues that Plaintiff should get credit for time served while in jail and that prison officials have not properly applied good time credits under NRS § 209.4465 violating Plaintiff's due process and equal protection rights. (*See generally* ECF No. 12). Plaintiff notes that he has filed habeas corpus petitions. (*Id.* at 6). The Court now addresses these two arguments.

### A. Credits for Time-Served

The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927(9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). In *Wilkinson*, the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id.* at 81-82.

Plaintiff cannot state a § 1983 claim seeking an order for credits for time served because such an order would invalidate the duration of Plaintiff's sentence. As such, Plaintiff must pursue this claim in habeas. Although Plaintiff notes that he has filed petitions for habeas corpus, he has not demonstrated that he has been successful in those cases prior to bringing this § 1983 action.

### B. Good Time Credits under NRS § 209.4465

It appears that Plaintiff is challenging prison officials' failure to apply good time credits to Plaintiff's minimum sentence and parole eligibility date as directed by NRS § 209.4465(7). NRS § 209.4465(7) permits good time credits to be applied to a prisoner's minimum sentence, in certain circumstances, thus, making an inmate eligible for parole sooner than he or she would have been without the credits. See NRS § 209.4465(7); *Williams v. State Dep't of Corr.*, 402 P.3d 1260, 1262 (Nev. 2017). Because Plaintiff's lawsuit revolves around his parole eligibility date and not his underlying conviction or overall sentence, he would be able to raise due process and equal protection claims in a § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that if a civil claim merely would speed up the plaintiff's *consideration* for parole and would not necessarily imply the invalidity of the duration of confinement, then that claim may proceed in a § 1983 action).

However, to the extent that Plaintiff is attempting to raise a Fourteenth Amendment due process claim, he fails to do so. In order to state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). In Nevada, state prisoners do not have a liberty interest in parole or parole eligibility. *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RAM, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009). Additionally, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause. *Swarthout*, 562 U.S. at 222 (holding that "a 'mere error of state law' is not a denial of due process"); *see also Young v. Williams*, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation).

The Court finds that Plaintiff fails to state a colorable due process claim based on

the allegations that prison officials violated NRS § 209.4465(7)(b) and deprived him of an earlier parole eligibility date. Plaintiff cannot establish a liberty interest in his parole eligibility date. Moreover, the failure to properly apply NRS § 209.4465(7) constitutes an error of state law and cannot be the basis of a due process claim. As such, the Court dismisses the due process claim, with prejudice, as amendment would be futile.

Additionally, the Court finds that Plaintiff fails to state a colorable equal protection claim because he makes no allegations that would support such a claim. In short, Plaintiff fails to state any claims in his "second amended complaint" and the Court denies the motion for reconsideration and the motion for appointment of counsel. The Court also denies the motion to reschedule his habeas corpus hearing and directs Plaintiff to file this motion in his habeas case.

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion for reconsideration (ECF No. 15) is denied.

It is further ordered that the motion for appointment of counsel (ECF No. 16) is denied.

It is further ordered that the motion for rescheduling habeas corpus hearing (ECF No. 17) is denied.

DATED THIS 8th day of July 2020.

_____
UNITED STATES DISTRICT JUDGE